Thompson, J.
delivered the opinion of the Court.
It is the unanimous opinion of the Court, that it was erroneous in the Court below to admit the confessions, admissions, or declarations of Hardy as evidence against the prisoner, even though a previous conspiracy and combination had been proved; because it appears from the bill of exceptions, that they were made after the arrest, and consequently after the commission and completion of the offence charged. 1 Greenleaf s Evi. 268-9; itoscoe’s Crim. Evi. 38, 39. A majority of the Court deem it unnecessary, and therefore decline to express any opinion upon the sufficiency of the evidence certified, to establish such a breaking as to constitute the crime of burglary, or upon any of the other questions presented by the prisoner’s petition and assignment of errors. The judgment must be reversed, the verdict set aside, and the cause remanded for a new trial, and the proper order for the removal of the prisoner, who is now confined in the penitentiary, to the county of Lee for trial.
Field, J.
The prisoner was convicted of burglary in the Circuit court of Lee county, and sentenced to confinement in the penitentiary for five years, one twelfth part of which he was to be confined in a solitary cell thereof. Upon the trial, the confessions of Hardy, an accomplice in the perpetration of the crime, which were made after its commission, were given in evidence against the prisoner, which he objected to, and asked the Court to exclude. The Court declined deciding the question then, and postponed it until all the testimony should be heard. And after the testimony had been closed, the Court instructed the jury, “ that if they believed from the evidence that the prisoner and Hardy were accomplices, (or had entered into a con *645 spiracy to commit the offence,) then they were to regard Hardy’s confessions as good evidence against the prisoner, otherwise not.” I do not remember the precise language of the instruction. The above is the substance of it. The jury rendered a verdict of guilty. The prisoner moved for a new trial, which was overruled, and a bill of exceptions signed, which sets out the facts proved upon the trial. I am of opinion that the Court erred in not deciding the question as to the admissibility of the confessions of Hardy. This was a question of law which it was the province and duty of the Court to decide, and not refer it to a jury. These declarations were improperly received as evidence against the prisoner. The confessions or declarations of an accomplice or confidant made when they were in the act of committing an offence, or when in its way of commission, can be received as evidence against all parties to the conspiracy. But after the commission of the act is complete and over, declarations subsequently made by an accomplice are good evidence against him only, unless made in the presence of his partners in the crime. I am also of opinion, that the facts set forth in the bill of exceptions do.not amount to burglary. (See Lawrence's Case, 19 Eng. C. L. R. 560.) For these three errors I think the judgment should be reversed, the verdict set aside, and a new trial awarded. Believing that the offence proved upon the trial does not amount to burglary, I deem it unnecessary to say anything about the non-residence of the prisoner, and his being absent from the State when the offence charged in the indictment was committed.
I will further remark, that so much of the sentence as requires confinement in a solitary cell of the penitentiary is irregular, the law upon this subject having been repealed.